# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | Civil Action 2:10-cr-113 |
| v. | : | Judge George C. Smith |
| **CARLOS R. WILSON,** | : | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

The Honorable George C. Smith, United States District Judge, referred this case to the undersigned for the purpose of conducting a final supervised release revocation hearing. The hearing was held December 19, 2017. For the reasons set forth more fully on the record during the hearing, it is **RECOMMENDED** that Defendant be sentenced to a period of twelve (12) months and one (1) day of incarceration and that the term of imprisonment be followed by no further period of supervised release. This written Report and Recommendation memorializes and summarizes the findings and conclusions the undersigned recommended during the hearing.

The parties did not present evidence. The parties had no objections to the factual statements contained in the Supervised Release Violation Report. The undersigned, therefore, adopted the factual statements set forth therein as the Court's finding of fact. Defendant admitted to the violation of supervised release described in the Report. Defendant conceded that he violated Mandatory Condition Number 1 of his supervised release with respect to his obligation to refrain from committing another federal, state or local crime. Specifically, Defendant admitted that on September 7, 2016, he pled guilty in Franklin County Common Pleas Court to Illegal Processing of Drug Documents and was sentenced to seven (7) months of incarceration. Defendant's offense

related to his attempt to pick up two forged prescriptions for Oxycodone and Soma using someone else's name.

The parties had no objections to the probation officer's conclusions regarding the application of the United States Sentencing Guidelines. The Court, therefore, adopted the conclusions and determined that the applicable advisory Guidelines as follows:

>Classification of Violation per §7 B1.1(a)(3): Grade  B
>
>Criminal History Category at time of original sentence: Category  V
>
>Imprisonment Range:   18  to 24   months imprisonment
>
>With a maximum period of Supervised Release of 3 years.

The Court heard arguments of counsel. Defendant declined to make a statement on his own behalf.

The undersigned considered the factors set forth in 18 U.S.C. § 3553(a). As set forth on the record, the undersigned recognized that the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of the law. In considering the nature and circumstances of the offense and the history and characteristics of the Defendant during supervision, the undersigned noted Defendant's long history of mental health issues and that he has struggled to secure housing during his time on supervision. The undersigned also noted, however, despite receiving social security benefits, he has failed to address his restitution obligations and that his latest conviction suggests that he returns to fraudulent criminal activities, regardless of the consequences. In terms of the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and deterrence, the undersigned noted that Defendant must be held accountable for continuing to engage in criminal fraudulent activity. His probation began in April 2011. In June 2013, he was

charged with attempting to cash a stolen check from a local church. In September 2013, Mr. Wilson was convicted of Forgery in the Franklin County Court of Common Pleas, which resulted in the revocation of his probation. Supervised release commenced again On November 6, 2014. Mr. Wilson accrued new charges in September 2016 and was convicted in state court of three counts of illegal processing of drug documents, in an attempt to obtain 120 Oxycodone pills and 90 pills of Soma. The undersigned indicated that this proposed sentence protects the public from futher crimes of forgery, particularly related to attempts to secure dangerous opioids.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th

Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


DATE:  December 27, 2017          /s/  *Elizabeth A. Preston Deavers*
                                  **ELIZABETH A. PRESTON DEAVERS**
                                  **UNITED STATES MAGISTRATE JUDGE**